IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

TONY JENNINGS,

        Plaintiff,        Civil Action No.
                                       5:17-CV-0054 (LEK/DEP)

    v.

JEREMY DECKER, *et al.*,

        Defendants.

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

TONY JENNINGS, *Pro se*
98003452
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13201

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Tony Jennings, who is currently incarcerated in the Onondaga County Justice Center, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against the Syracuse City Police Department, two Syracuse City Police Officers, and an unidentified Doe defendant who is described only as a "Syracuse police officer sergeant." Plaintiff's complaint, together with his accompanying application for leave to proceed in this action *in forma pauperis* ("IFP"), have been forwarded to me for review. For the reasons set forth below, plaintiff's motion for leave to proceed without prepayment of fees is granted, and I recommend that his complaint be accepted for filing, but that the City of Syracuse be substituted in the place of the Syracuse Police Department as a named defendant.

I.  BACKGROUND

Plaintiff commenced this action on or about January 19, 2017. Dkt. No. 1. In his complaint, plaintiff alleges that his constitutional rights were violated during the course of an encounter that occurred at approximately 6:43 p.m. on January 5, 2016. Dkt. No. 1-1. It is alleged that on that date he was unlawfully searched and arrested, and that, during the course of the encounter, he was assaulted by defendants Darren Ettinger and

Jeremy Decker, two Syracuse Police Officers. *Id.* As a result of the alleged assault, plaintiff suffered injuries to the area around his right eye. Dkt. No. 1 at 4.

Filed together with plaintiff's complaint is an application for leave to proceed without prepayment of the required filing fee. Dkt. No. 2. Plaintiff's IFP application is supplemented by the required prisoner authorization form. Dkt. No. 3.

II.   DISCUSSION

    A.   IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.[1] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). Because I conclude that plaintiff satisfies the

---

[1] The total cost for filing a civil action in this court is $400.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $50.00). Although an inmate that has been granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[2]

## B. Sufficiency of Plaintiff's Complaint

### 1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."

---

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

4

28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

    2.    <u>Analysis of Plaintiff's Claims</u>

        a.    <u>Defendant Syracuse Police Department</u>

The Syracuse Police Department is an agency of the City of Syracuse and not an independent entity subject to suit. The proper defendant, instead, is the City of Syracuse. *See, e.g., Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (McAvoy, J.) ("A city police department is not an independent, suable entity separate from the municipality in which the police department is organized."). For this reason, I recommend that defendant Syracuse Police Department be dismissed from the action. For the sake of judicial efficiency, however, and because I find that plaintiff's complaint alleges sufficient facts at this juncture to survive review under section 1915(e), I recommend the City of

Syracuse be substituted for the Syracuse Police Department as a defendant.

### b. Defendants Decker, Ettinger, and Doe

Mindful of my obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's complaint alleges sufficient facts under section 1915(e) to support the asserted causes of action against the individual defendants. Accordingly, I recommend that plaintiff's complaint be accepted to the extent it asserts section 1983 claims against defendants Decker, Ettinger, and Doe.[3]

The court expresses no opinion concerning whether plaintiff's claims against any of the defendants can survive a properly filed motion to dismiss or motion for summary judgment, or whether he may prevail at trial.

## III. SUMMARY, RECOMMENDATION, AND ORDER

Having reviewed plaintiff's motion for leave to proceed IFP, I conclude that he is eligible for that status, and therefore will grant his application. Upon review of plaintiff's complaint, I find that while it generally

---

[3] Plaintiff is advised that the United States Marshals Service cannot effect service of a summons and complaint on an individual who has not been identified by name. In the event my recommendations contained in this report are adopted, plaintiff is directed to take reasonable steps through discovery to ascertain the name of the "Doe" defendant. If plaintiff fails to ascertain this defendant's name so as to permit the timely amendment of the complaint and service of process on this individual, his claims against that unnamed defendant will be subject to dismissal.

alleges sufficient facts to survive review under sections 1915(e) and 1915A, defendant Syracuse Police Department is not an entity that can be sued, and the City of Syracuse should substituted in its place.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further

ORDERED that the clerk of the court serve a copy of this report and recommendation on plaintiff in accordance with the local rules; and it is further respectfully

RECOMMENDED that defendant Syracuse Police Department be DISMISSED from the action and the City of Syracuse be substituted in its place; and it is further

RECOMMENDED that plaintiff's complaint be otherwise accepted for filing; and it is further

RECOMMENDED that, in the event the above recommendations are adopted, the court issue the following orders:

(1) Plaintiff shall take reasonable steps through discovery to ascertain the identity of the "John/Jane Doe" defendant named in the complaint;

(2) The clerk of the court shall issue summonses and forward

them with copies of the complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the four named defendants.

(3) The clerk is directed to schedule a Rule 16 conference.

(4) Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure.

(5) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court that does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned

district judge with proper allowance for notice as required by the Rules.

**Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.**

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:  March 22, 2017
        Syracuse, New York

_David E. Peebles_
U.S. Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).