UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TONY JENNINGS,

                Plaintiff,

  -against-                              5:17-CV-54 (LEK/DEP)

JEREMY DECKER, *et al.*,

                Defendants.

## ORDER

This matter comes before the Court following an Order and Report-Recommendation filed on March 22, 2017, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 7 ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), overruled on other grounds by Widomski v. State Univ. of N.Y. (SUNY) at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." (quoting Howell v.

Port Chester Police Station, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010))). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

No objections were filed in the allotted time period. Docket. The Court has therefore reviewed the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Clerk of the Court shall substitute the City of Syracuse for defendant Syracuse Police Department, and the Syracuse Police Department is **DISMISSED** from this case; and it is further

**ORDERED**, that the Clerk of the Court shall substitute Sergeant Robert Ocker for the John Doe defendant in this case; and it is further

**ORDERED**, that the Clerk of the Court shall issue summonses and forward them, along with copies of the Complaint (Dkt. No. 1), the Report-Recommendation (Dkt. No. 7), and this Order to the United States Marshal for service upon defendants Jeremy Decker, Darren Ettinger, Robert Ocker, and the City of Syracuse; and it is further

**ORDERED**, that a formal response to Jennings's Complaint shall be filed by the remaining defendants or defendants' counsel as provided in the Federal Rules of Civil Procedure subsequent to service of process on the remaining defendants; and it is further

**ORDERED**, that the Clerk schedule a Rule 16 conference and issue a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern

District of New York. The General Order 25 packet shall be forwarded to the United States Marshal for service upon Defendants; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Jennings in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    June 06, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge