IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

TONY JENNINGS

                Plaintiff,        Civil Action No.
                                                5:17-CV-0054 (LEK/DEP)

        v.

JEREMY DECKER, *et al.,*

                Defendants.

-------------------------------------------------------------------

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

TONY JENNINGS, *Pro se*
17-B-0816
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANT:

HON. JOSEPH FAHEY                RAMONA L. RABELER, ESQ.
Interim Corporation Counsel
City of Syracuse Corporation Counsel
233 East Washington Street
Room 300 City Hall
Syracuse, NY 13202

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# ORDER

As a result of an initial pretrial conference conducted in this action, a uniform pretrial scheduling order ("UPSO") was issued by the court on October 17, 2017. Dkt. No. 34. That order directs, among other things, that all discovery in the case be completed by March 30, 2018.

Discovery is a process by which the parties to an action may request from other parties and, under certain circumstances, persons or entities that are not parties, information that is relevant to the claims and defenses in the case. Discovery is governed principally by Rules 26 through 37 of the Federal Rules of Civil Procedure, and is conducted between the parties without court intervention unless it becomes necessary to submit a discovery dispute for resolution by the court. Absent an agreement otherwise, each party typically must bear its own costs of conducting discovery.

The discovery process typically begins with the exchange of mandatory disclosures required under Rule 26(a) of the Federal Rules of Civil Procedure. That rule directs each party to provide to all other parties to the action the following information, without being asked, by a deadline date specified by the court:

> (1) The identities of all persons likely to have discoverable information that the disclosing party may use to support its claims or defenses at trial. This disclosure should also describe the subjects of the information possessed by each potential witness identified.
>
> (2) A copy, or description by category and location, of all documents in the party's possession, custody or control that it may use to support its claims or defenses.
>
> (3) A computation of each category of damages claimed by the disclosing party, together with an indication of all documents or materials supporting the damages disclosed; and
>
> (4) The existence of any insurance agreement available to satisfy any judgment entered in the case.

Following this initial exchange of information, the parties may serve interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requesting that questions, not exceeding twenty-five in number including subparts, be answered, under oath. The parties additionally may request, also in writing, the production of documents falling into specified categories, pursuant to Rule 34 of the Federal Rules of Civil Procedure. These discovery requests must be sent directly to counsel for the party from whom discovery is sought, and served on all other parties, through counsel if represented, and should not be filed with the court. When requesting discovery, including documents, you should note that the more

specific your request, the more likely the information you seek will be produced.

Generally speaking, parties must respond to discovery requests, in writing, within thirty days. You should note that the local rules of this court require that any discovery requests be served upon an opposing party at least thirty days before the deadline for completion of discovery.

When making a discovery request, you should always keep the original demand and send a copy of it to the opposing party. When responding to discovery requests, you should keep the original and serve a copy of the responses upon the requesting party. You should also be aware that both the Federal Rules of Civil Procedure and the local rules of this court prohibit the filing of any discovery materials with the court unless and until it becomes necessary for the court to intervene and resolve a discovery dispute that has arisen and cannot be settled through good faith negotiation between the parties.

In addition to document demands and interrogatories, a party may also seek to take the deposition upon oral examination of another party or, with the aid of a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure to compel attendance of the deponent, a non-party witness. Depositions which are governed by Rule 30 of the Federal Rules

of Civil Procedure, are question and answer sessions in which persons being deposed testify under oath or upon affirmation. The entirety of a deposition, including both questions and answers, are transcribed by a court reported and may also be videographed for later use in the litigation. Unless the parties agree otherwise, depositions are limited in duration to seven hours.

Another form of discovery involves requests for admissions. Under Rule 36 of the Federal Rules of Civil Procedure, a party may serve on any other party a written request to admit, for purposes of the pending action only, a fact, the application of a law to fact, or an opinion about either. A request for admissions may also be used to seek an admission concerning the genuineness of a described document. Requests for admissions must be served at least thirty days before the close of discovery, and must be answered within thirty days of service, unless ordered otherwise by the court.

From time to time, the need may arise for court intervention to resolve a dispute that has arisen during the course of discovery. Before requesting the court's assistance in connection with a discovery dispute, both the Federal Rules of Civil Procedure and the local rules of this court require that the parties make a good faith effort to resolve their

disagreement. When applying to the court for relief concerning discovery a party will be required to certify that such good faith efforts have been made, and must describe those efforts in some detail. It is also important to note that before filing a motion to compel discovery the local rules of this court require you to obtain court permission. To seek that permission you should forward a letter to the court, with a copy being sent to all other parties in the action, requesting a telephone conference and indicating in a short, brief statement that it is a request for a discovery-related purpose.

The foregoing is hereby SO ORDERED

_____
David E. Peebles
U.S. Magistrate Judge

Dated: October 18, 2017
Syracuse, NY