# Exhibit E

```
                COUNTY COURT OF THE STATE OF NEW YORK
  1             COUNTY OF ONONDAGA : CRIMINAL TERM : PART NO. 1
  2             ------------------------------------------------
  3             THE PEOPLE OF THE STATE OF NEW YORK,
  4
                                  vs.            Indictment No.
  5                                              2016-0961-1
                TONY W. JENNINGS,
  6                                              Index No. 16-0049
                           Defendant.
  7                                              NYSID No. 08709143L

  8                                              SENTENCE

  9             ------------------------------------------------

 10                                  Criminal Courts Building
                                     505 S. State Street
 11                                  Syracuse, New York 13202
                                     March 8, 2017
 12             B e f o r e:

 13
                       HONORABLE STEPHEN J. DOUGHERTY,
 14                            Judge

 15             A p p e a r a n c e s:

 16                  WILLIAM J. FITZPATRICK, ESQ.
                        District Attorney, Onondaga County
 17                  BY:  MICHAEL MANFREDI, ESQ.
                        Assistant District Attorney
 18
                     JOSEPH LOFARO, ESQ.
 19                     Attorney for Defendant           FILED

 20                  Tony Jennings, Defendant         AUG 18 2017

 21                                              ONONDAGA CO CLERKS OFFICE

 22

 23

 24
                SHELLEY J. STRADER, RPR
 25             Senior Court Reporter
```

1    THE COURT: Morning, Mr. Lofaro, how are you?

2    MR. LOFARO: Good. Morning, Judge.

3    THE COURT: Mr. Manfredi, is Joe Centra coming down on this?

4    MR. MANFREDI: Joe Centra is out on training so...

5    THE COURT: Perfect. Mr. Manfredi is here, Mr. Lofaro is here, Mr. Jennings is here. Mr. Lofaro, I don't know if you know that your client made a post-trial motion to set aside the verdict. I have the decision with regards to that. I have a copy for the defendant and the district attorney. Mr. Jennings went to trial, a jury trial, before this court and on February 6 we began the trial, and a verdict was returned. Mr. Jennings was convicted of criminal possession of a controlled substance in the third degree, first count. Second count, criminal possession of a controlled substance in the fifth degree. I ordered a presentence report. I have received it and had a chance to review it. I'm ready to go forward with sentencing with regards to Mr. Jennings' motion before the court. He made a motion for an order

1  pursuant to Criminal Procedure Law 330.30
2  setting aside the jury's verdict that was
3  rendered on February 8 and for the reasons set
4  forth in my decision, I have denied that motion.
5  Mr. Manfredi, on behalf of the People, do you
6  move sentence?
7          MR. MANFREDI:  So moved, Your Honor.
8          THE COURT:  What would you like to tell
9  us, sir?
10         MR. MANFREDI:  Well, Judge, as you're
11 aware, this is a case that went to trial.  The
12 defendant was convicted on both counts that were
13 left in the indictment.  It's the People's
14 position he should receive the maximum sentence
15 allowed by law.
16         THE COURT:  All right.  Mr. Lofaro, do you
17 want to be heard, sir?
18         MR. LOFARO:  Certainly, Judge.  I'd ask
19 the court not hold the fact that Mr. Jennings
20 exercised his right to trial against him.  He
21 got up and had his trial.  He stands convicted,
22 however, I think some pertinent facts came out
23 during his direct examination and his
24 cross-examination.  He explained to the court
25 that he was gainfully employed.  The court also

1   heard from his employer who confirmed that he
2   was gainfully employed and working regularly.
3   He was at the time a productive member of
4   society to an extent, despite this charge and
5   this conviction.  Also, I'd like to note that
6   albeit the fact that he does stand convicted, it
7   was a relatively small amount of drugs and a
8   very small amount of money that was recovered.
9   In addition to that, I would note that he was in
10  school at the time.  He had just gotten
11  acceptance into a new program.  So, again, he
12  was making strides to try and improve his life
13  and become a more valuable citizen.  I think
14  that the lesser sentence he receives the sooner
15  he can get out and start working again and
16  pursuing his education to become a productive
17  member of society.  I had a heartfelt
18  conversation with his father who is in failing
19  health in Louisiana yesterday.  He said he's
20  willing to do anything he can to try and help
21  out his son and he looks forward to the day when
22  he is released and he would like to still be
23  around to see that, Judge.  So I'd ask that the
24  court impose the minimum sentence allowable by
25  law, Judge.

1    THE COURT: Mr. Lofaro, thank you very
2 much. Mr. Jennings, anything you'd like to say
3 before I impose sentence, sir?
4    THE DEFENDANT: No, Your Honor.
5    THE COURT: Well, we did have a jury
6 trial. I am not going to penalize Mr. Jennings
7 in any way for taking his case to trial because
8 that is his constitutional right. I wasn't
9 aware of all the facts of the case until we
10 heard the testimony from the witnesses. I have
11 a young man, not so much a young man anymore,
12 Mr. Jennings, standing before me that has two
13 prior felony convictions, including possession
14 of a weapon in the second degree. Mr. Jennings
15 was on parole at the time of this incident. He
16 fought with the police, which was the credible
17 testimony at the trial, and Mr. Jennings also
18 took the stand and was not truthful to the jury
19 when he said to the jury that he thought the
20 substance that he had was Molly, quote unquote,
21 when in the grand jury under oath twice he told
22 the grand jury that it was indeed cocaine. For
23 those reasons and the fact that he's been
24 convicted after a jury trial of criminal
25 possession of a controlled substance in the

1   third degree, the sentence on that count is ten
2   years in the New York State Department of
3   Corrections with three years post-release
4   supervision. With regards to count two, the
5   sentence of the court is four and a half years
6   plus two years post-release supervision. Those
7   sentences are to run concurrent, that is at the
8   same time with each other. There is a DNA fee,
9   a surcharge, and a crime victim's fee and
10  obviously Mr. Lofaro, you'll advise him of his
11  right to appeal.
12          MR. LOFARO: I have, Your Honor.
13          THE COURT: Thank you, gentlemen.
14          MR. LOFARO: Thank you, Your Honor.
15          THE DEFENDANT: Your Honor, is there a
16  paper that I get to sign as far as being able to
17  appeal?
18          THE COURT: You will get that. It will be
19  served within thirty days. Mr. Lofaro will help
20  you with that.
21          THE DEFENDANT: Within thirty days? I
22  thought I was supposed to have the paper here.
23          THE COURT: Thirty days. Mr. Lofaro will
24  help you.
25          MR. LOFARO: Thank you, Your Honor.

```
 1
 2                  *       *       *       *
 3
 4
 5
 6               C E R T I F I C A T E
 7        This is to certify that I am a Senior Court
 8   Reporter of the Fifth Judicial District; that I
 9   attended and reported the above-entitled
10   proceedings; that I have compared the foregoing
11   with my original minutes taken therein, and that
12   it is a true and correct transcript thereof.
13
14           _____
             SHELLEY J. STRADER, RPR
15           Senior Court Reporter
16
17   Dated:  August 16, 2017
18
19
20
21
22
23
24
25
```