UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TONY JENNINGS,

                Plaintiff,

JEREMY DECKER, DARRIN ETTINGER
ROBERT OCKER, and CITY of SYRACUSE,

                Defendants.

**AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
Civil Action No.: 5:17-cv-54 (LEK/DEP)

---

Officer Darrin Ettinger hereby declares, in support of the Defendants' Motion for Summary Judgment, says the following:

1. I am an officer for the Syracuse Police Department in the Crime Reduction Team.

2. On January 5, 2016, due to recent gang feuding and violence, Officer Decker and I were on patrol in the Pioneer Homes, which is owned by the City of Syracuse.

3. To reduce the violence in these areas, the Syracuse Housing Director, Mr. William J. Simmons, authorized the Syracuse Police Department to arrest any non-resident for trespassing, or persons without lawful business.

4. On January 5, 2016, I observed a vehicle parked in one of the parking lots near Radisson Court.

5. Officer Decker illuminated the vehicle in the parking lot, and we observed the occupants making furtive movements.

6. The occupants in the vehicle were looking down and moving as if they were attempting to hide or conceal items.

1

7.   As we approached the vehicle on foot, I approached the front passenger seat, and officer Decker approached the driver's side.

8.   As officer Decker approached the driver's side of the vehicle he notified me that was a scale in plain view in the vehicle.

9.   The kind of scale that I saw was a digital scale on the console area of the vehicle.

10.   This was the type of scale that I have observed and confiscated as evidence for weighing and measuring illegal drugs over hundreds of times.

11.   Officer Decker asked the occupants if there were any drugs in the car, and the passenger who was later identified as Willy Jones responded by saying that he had just finished using cocaine.

12.   At that point, I secured Mr. Jones in handcuffs, and officer Decker asked Mr. Jennings, the driver of the vehicle to step out of the car.

13.   As Officer Decker searched Mr. Jennings, Mr. Jennings pulled away and began to flee.

14.   Officer Decker pursued Mr. Jennings and was able to tackle him to the ground.

15.   Knowing that Mr. Jones was in handcuffs, I pursued Mr. Jennings to assist officer Decker.

16.   When Officer Decker tackled him to the ground, Mr. Jennings was struggling with Officer Decker and his hands were underneath him.

17.   Pursuant to my training, officers are trained to strike a person in the ribs or head once if someone is resisting being handcuffed. Knowing this, I saw Mr. Jennings' hands were underneath him and struck him once in the head to handcuff him and to prevent him from accessing any unknown weapons.

18. After striking him once in the head, Officer Decker and I were successful in placing Mr. Jennings in handcuffs.

19. We were able to secure him in handcuffs thereafter.

20. After securing Mr. Jennings, I went back to Mr. Jones at the vehicle.

21. Officer Decker completed his search of Mr. Jennings and Officer Decker removed a clear knotted plastic bag containing a beige chunky substance.

22. I observed this kind of packaging and this kind of substance hundreds of times in my experience as an officer for the SPD.

23. It appeared to me to be crack cocaine.

24. Officer Decker and I asked Mr. Jennings if he wanted medical attention, and he declined.

25. Mr. Jennings never told us that he was injured at any point during our interaction.

26. Officer Decker and I took Mr. Jennings to the Onondaga County Justice Center for booking.

27. In our arrest reports, officers ask standard, also known as pedigree, questions about religion, education, and employment.

28. Officer Decker and I asked him about his employment, he told us that he does asbestos work, but that he was not currently working at the time of this arrest because it was the off-season.

29. He told us that he was selling crack-cocaine as a way to substitute the money he lost because he was not working in asbestos removal.

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and accurate to the best of my knowledge.

Dated: June 11, 2018

_____
Darrin Ettinger

Sworn to before me this
11 day of June 2018.

_____
Notary Public

TODD M. LONG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LO6319286
Qualified in Onondaga County
My Commission Expires February 23, 20__

4