UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TONY JENNINGS,

                  Plaintiff,

v.

DECKER, et al.

                  Defendants.

**PROPOSED STIPULATED PROTECTIVE ORDER**

Civ. Act. No.: 5:17-CV-54 (LEK/TWD)

WHEREAS Plaintiff Tony Jennings, Defendants, Jeremy Decker, Darrin Ettinger and the City of Syracuse have agreed that certain discovery material be treated as confidential and have agreed to entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) with the following terms:

1. This Protective Order shall govern the handling of information produced or disclosed during the course of the litigation in this action, including trial and/or during the course of any related appeal whether revealed in a document, deposition, other out-of-court pre-trial testimony, discovery response, interrogatory response, or otherwise (collectively herein "Discovery Material"), when it is designated as "Confidential Information" as defined in this Order.

2. <u>Designation of Materials as Containing Confidential Information:</u> Either party may designate Discovery Material produced in this litigation as "Confidential Information" as set forth below:

    (a) The designation of Confidential Information in any document shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Designation of Discovery Material as Confidential Information constitutes a representation by the party

providing the material ("Producing Party") to the opposing party ("Receiving Party") that it has reviewed the Discovery Material to be so designated in full and determined that there is good cause for the designation under Paragraph 2(b) below.

(b) Any Producing Party shall, through counsel, designate Discovery Material as containing Confidential Information only when it contains sensitive and personal information relating to or consisting of (i) the name of any minor; (ii) any personnel, Office of Professional Standards ("OPS"), or internal administrative[1] records of Defendants or other City employees, (iii) medical information/records; (iv) school information/records; and (v) family court or criminal court information/records. Medical information/records, school information/records, police officer personnel, OPS, and internal administrative records, and family court or criminal court information/records obtained through discovery or the provision of releases from a Producing Party to the Receiving Party shall automatically be deemed Confidential Information, regardless of whether marked as such. Other documents may be designated as confidential upon consent of the parties or by order of the Court.

(c) The parties shall make all reasonable efforts to designate Confidential Information in any document prior to, or contemporaneously with, the production or disclosure of that information. At any time, the Producing Party may designate any information as confidential that has already been produced and was not initially designated as confidential by notifying, in writing, the

---

[1] This shall include non-publicly available materials associated with any Citizen Review Board ("CRB") proceedings.

2

Receiving Party that the produced material contained Confidential Information.

(d) If the Receiving Party objects to the designation or non-designation of particular documents as containing Confidential Information, the Receiving Party shall state such objection in writing to the Producing Party. The parties shall then endeavor in good faith to resolve such objection. If such objection cannot be resolved, Receiving Party, shall within fifteen (15) days of making the objection, move for an order from the Court regarding such designation or non-designation.

(e) Testimony may be designated as confidential by marking the page of the testimony transcript containing confidential information as "Confidential." Other Discovery Material that is not easily physically marked, such as video or audio recordings, may be designated confidential by providing a letter to opposing counsel that clearly identifies the Discovery Material at issue and designates it as "Confidential."

(f) The designation of "Confidential" on any material shall not mean that the entire material is confidential. Only the confidential information (as described by Paragraph 2(b)) contained in any designated material shall be confidential and protected from disclosure.

3. <u>Disclosure of Confidential Information:</u> Information designated as confidential under this Order shall not be used, disclosed, or disseminated by the parties or counsel for the parties or any persons identified in Paragraph 3(a) below for any purposes whatsoever other than preparing for and conducting the above-captioned litigation.

(a) Disclosures may be made only in the following circumstances:

    (i) to stenographers engaged to transcribe -either trial or pre-trial testimony;

    (ii) to consultants or experts retained by the parties' counsel to assist in the litigation;

    (iii) to a non-party witness who testifies at a deposition or at trial; or

    (iv) to the Court.

(b) Prior to disclosure to a person listed in Paragraph 3(a) above (other than stenographers or Court), the party's attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Information for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Information except in testimony taken in this case. The signed consent shall be retained by the counsel for the party disclosing the information.

(c) Disclosure may be made to any member of the staff of a party's attorney's law office to whom such disclosure is reasonably necessary to the preparation and presentation of a party's case in this action.

(d) Disclosure or production of any Discovery Material in this litigation by any non-party to this case shall be subject to, and governed by, the terms of this Protective Order.

4.    <u>Use of Confidential Information:</u> If a party to this action, during the course of this litigation or any related appeal, seeks to file any pleading, motion, memorandum, appendix, exhibit, appeal or other judicial filing that contains or incorporates any Confidential Information, the filing party shall first provide notice to the opposing party at least fifteen (15) days before filing. The designation of Discovery Material as Confidential Information does not mean that any party has agreed that the Discovery Material also meets the standard for filing information under seal with the Court. A party

4

seeking to seal a document shall comply with Local Rule 83.13. The process above applies to all documents containing Confidential Information except for information covered by Local Rule 8.1, which shall be complied with independently of this order. With respect to police officer personnel, OPS, and internal administrative records, the filing party shall redact non-material portions of such documents, including embarrassing or personal information, or private data or information not covered by N.D.N.Y. Local Rule 8.1. The filing party shall comply with all reasonable redaction requests that are compliant with this subparagraph before filing or otherwise using such information.

5. <u>Return of Designated Material at Conclusion of Litigation:</u> Within ninety (90) days of the conclusion of the litigation, including any subsequent appeal, the Receiving Party and/or its counsel shall make a good faith effort to return or destroy all material treated as containing Confidential Information under this Order and not received in evidence to the originating party. Notwithstanding the provisions herein, counsel for the Receiving Party shall be entitled to retain their own court papers, deposition and trial transcripts, marked exhibits, and attorney work product. All other Confidential Information shall be destroyed or returned under this paragraph.

6. <u>Application of this Order</u>: The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

7. <u>Duration:</u> This Order shall remain in full force and effect until modified, superseded, or terminated by the consent of the parties or by order of the Court, and shall survive termination of this action.


By: _[signature]_
Kevin Cannizzaro, Esq.
*Counsel for Plaintiff*
P.O. Box 10849
Albany, New York 10849

Dated: December 13, 2019

By: _[signature]_
Christina DeJoseph (514784)
Senior Assistant Corporation Counsel
*Counsel for Defendants*
300 City Hall
233 E. Washington Street
Syracuse, NY 13202
315-448-8400

Dated: December 13, 2019

SO ORDERED:

_____          _____
Date

**EXHIBIT A**

      The undersigned hereby acknowledge that he/she has read the Confidentiality Agreement and Order in the United States District Court for the Northern District of New York dated December 13, 2019 in the action entitled <u>Jennings v. Decker. Et al..</u>, 5:17-cv-0054 (LEK)(TWD) and understands the terms thereof. The undersigned agrees not to use Confidential Information defined herein for any purpose other than in connection with the prosecution or defense of this case and will not further disclose the Confidential Information except in testimony taken in this case.

| _____ | _____ |
| :---: | :---: |
| Date | Signature |

| | _____ |
| :---: | :---: |
| | Print Name |

| | _____ |
| :---: | :---: |
| | Occupation |