

# DEPARTMENT OF LAW
## OFFICE OF THE CORPORATION COUNSEL
### CITY OF SYRACUSE, MAYOR BEN WALSH

February 6, 2020

**Kristen E. Smith**
Corporation Counsel

**Joseph W. Barry III**
First Assistant
Corporation Counsel

**Christina F. DeJoseph**
Senior Assistant
Corporation Counsel

**Lee R. Terry**
Senior Assistant
Corporation Counsel

Catherine E. Carnrike
Meghan E. Ryan
Amanda R. Harrington
John C. Black Jr.
Kathryn M. Ryan
Ramona L. Rabeler
Todd M. Long
Sarah A. Lafen
Mary L. D'Agostino
Sophie West
Sarah M. Knickerbocker

**Department of Law
Office of Corp. Counsel**
233 E. Washington St.
City Hall, Room 300
Syracuse, N.Y. 13202

Office  315 448-8400
Fax     315 448-8381
Email   law@syrgov.net

Honorable Lawrence E. Kahn
James T. Foley U.S. Courthouse
445 Broadway, Rm 424
Albany, New York 12207

    **Re:**      Jennings v. Decker et al.
                 5:17-cv-54 (LEK/TWD)

Dear Judge Kahn:

Pursuant to the Court's Text Order [Dkt. No 80], Defendants respectfully request an opportunity to file a dispositive motion. The parties have engaged in significant discovery relative to Plaintiff's remaining claims of excessive force and 14th amendment racial profiling as against the named officers as well as his *Monell* claim against the City of Syracuse.

More specifically, Defendants have produced the personnel and disciplinary files and voluminous training materials and records relative to the named officers as ordered by the Court. [See Dkt. Nos. 90, 91, 92]. Both the individual officers and the City have also responded to interrogatories propounded by Plaintiff's counsel.

As relevant to Plaintiff's *Monell* claim the City was also ordered to produce prior substantiated complaints of racial profiling made to the Office of Professional Standards ("OPS") and to the Citizens Review Board ("CRB"). [See Id.]. While the City produced two (2) CRB files that substantiated claims of "racial bias" in good faith, we submit that those materials do not constitute notice of any custom, policy or practice of *racial profiling* in the police department.

In addition to the significant amount of paper discovery conducted since the time discovery was re-opened, several depositions have been conducted. Plaintiff's counsel deposed the named officers, as well as Sgt. Ocker, who investigated the use of force, and former Police Chief Frank Fowler. [See Dkt. No. 111].

The undersigned deposed Plaintiff as well as Plaintiff's friend who was a passenger in the car when the incident occurred. Court-ordered subpoenas have been issued by the Court for various records. [See Dkt. No. 117 and 118]. Those subpoenas should be served by the close of business today.

Magistrate Judge Dancks has ordered the parties to attend a status conference on February 25, 2020 [see 2/6/20 TEXT NOTICE].

*Service of papers or process by facsimile or other electronic method is not acceptable.*

6 February 2020<br>
Page 2

With that in mind, Defendants respectfully submit that the extensive discovery conducted, together with considerations of fairness, lack of prejudice to Plaintiff, and judicial economy all weigh in favor of permitting Defendants to file a dispositive motion.

More specifically, the discovery conducted over the last several months through counsel for the parties will permit Plaintiff to oppose any such motion in a meaningful way. Plaintiff's counsel requested specific discovery relevant to his claims of excessive force, racial profiling under the 14th amendment, and municipal liability. Plaintiff's counsel also explored those claims through depositions.

Now that Plaintiff has been afforded an opportunity to conduct such discovery with the assistance of counsel, it seems only fair that Defendants are able to put those issues before the Court. Absent re-opening discovery, Plaintiff would not have been able to conduct depositions or have access to a large swath of the materials he may now attempt to use in support his claims, such as the named officers' personnel/disciplinary files, and training records and materials.

Further, the filing of a dispositive motion within a reasonable time would be consistent with Rules 12(c) and 56(b) of the Federal Rules of Civil Procedure. We are currently in the midst of the 30-day post-discovery period as contemplated by Rule 56(b). And because no trial date has been scheduled, the filing of a motion under Rule 12(c) would not delay trial.

Permitting the defense to file a dispositive motion also promotes judicial economy, as there is a strong likelihood that motion practice will significantly narrow the issues for trial.

Accordingly, Defendants respectfully request that the Court permit the defense to file a dispositive motion by April 27, 2020, which is 62 days after the conference currently scheduled for February 25, 2020 (the 60th day is a Saturday), or any reasonable time set forth by this Court.

Respectfully Submitted,

*[signature]*

Christina F. DeJoseph
Senior Corporation Counsel

Cc:    Kevin Cannizzaro, Esq. (via ECF)